IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,501-01




EX PARTE EDWARD CHARLES TUCKER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 241-1308-07-A IN THE 241ST JUDICIAL DISTRICT COURT
FROM SMITH COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to a jury to the
offense of injury to a child, and was sentenced to life imprisonment. The Twelfth Court of Appeals
affirmed his conviction. Tucker v. State, No. 12-08-00104-CR (Tex. App. – Tyler, September 2,
2009).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate or present evidence of Applicant’s history of mental illness, and the fact
that he was discharged from a mental health facility shortly before the offense. Applicant also
alleges that he entered an open plea to the jury on the erroneous assurance from counsel that hearsay
evidence regarding an extraneous bad act would not be admissible.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a copy of the punishment trial
transcript. The trial court shall then make findings of fact as to whether counsel was aware of
Applicant’s history of mental illness, and if so, whether counsel introduced evidence of this history
during the punishment trial. The trial court shall also make findings as to whether trial counsel
assured Applicant that the hearsay testimony regarding Applicant’s abuse of a different child would
be inadmissible at the punishment trial. The trial court shall make findings as to whether the
performance of Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 15, 2010
Do not publish